FILED
CLERK, U.S. DISTRICT COURT

MAY 31 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER NODARSE,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation, and BOBBY PHILLIPS, Warden,<br><br>Respondent. | Case No. ED CV 09-1953 AHM (JCG)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. Having made a *de novo* determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge's Report and Recommendation. But see Rider A.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.
3. Petitioner's Application for Certificate of Appealability, [Docket No. 38], is denied.

DATED: May 31, 2011

HON. A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

*Alexander Nodarse v. Matthew Cate*, ED CV 09-1953 AHM (JCG)

Rider A

The alleged failure of defense counsel to call investigator Robitzer appears to be the result of counsel's failure to comply with California Penal Code § 1054.1. *See* pages 10-11 of the Report & Recommendation. (It probably was section 1054.3 that the trial court meant to refer to, for that is the section that imposes discovery duties on defense counsel.) In any event, a defense attorney's belated attempt to mitigate her failure to comply with discovery obligations cannot constitute a basis to find that the attorney's conduct was reasonable. However, in the context of this case, if counsel's failure to call Robitzer was error, it did not prejudice petitioner, given the plentiful evidence of guilt.

A. Howard Matz
U.S. District Judge